17-1461-cv
Corsini v. Brodsky

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of April, two thousand eighteen.

PRESENT:    BARRINGTON D. PARKER,
                        REENA RAGGI,
                                *Circuit Judges,*
                        JESSE M. FURMAN,
                                *District Judge.**

_____

GERARD ANDREW CORSINI,

       *Plaintiff-Appellant*,

      v.                                                                                    No. 17-1461-cv

DANIEL BRODSKY, THE BRODSKY ORGANIZATION,

       *Defendants-Cross Claimants-Cross
       Defendants-Appellees*,

THOMAS BRODSKY, LLC, 433 WEST ASSOCIATES, LLC, URBAN ASSOCIATES LLC, MARGARET BERGIN O'CONNOR, LOUIS ZADRIMA, CITY OF NEW YORK, MAYOR MICHAEL R. BLOOMBERG, FIRST DEPUTY MAYOR PATRICIA E. HARRIS, POLICE COMMISSIONER RAYMOND W. KELLY, COMMISSIONER KATHERINE L. OLIVER,

---

\* Judge Jesse M. Furman, of the United States District Court for the Southern District of New York, sitting by designation.

COMMISSIONER ROBERT LIMANDRI, DEPUTY INSPECTOR ELISA A. COKKINOS, DETECTIVE ERIC PATINO, DISTRICT ATTORNEY CYRUS R. VANCE, JR., ASSISTANT DISTRICT ATTORNEY LISA DELPIZZO, ASSISTANT DISTRICT ATTORNEY DANIEL GARNAAS-HOLMES, ELIZABETH MORGAN, AKA ELIZABETH MORGAN CARY, JONATHAN CARY, DANIEL J. MCKAY, AARON SHMULEWITZ, BELKIN WENIG & GOLDMAN, LLP, DISTRICT ATTORNEY, JOSEPH PITRE,

*Defendants-Cross Defendants-Appellees*,

LIEUTENANT BRIAN HOULIHAN, OFFICER RICHARD G. STELLMAN, KAREN FRIEDMAN-AGNIFILO, ASSISTANT DISTRICT ATTORNEY, NITIN SAVUR, ASSISTANT DISTRICT ATTORNEY, JOHN IRWIN, ASSISTANT DISTRICT ATTORNEY, WILLIAM DARROW, ASSISTANT DISTRICT ATTORNEY, NEW YORK POLICE DEPARTMENT, LIEUTENANT EDWARD LOSS,

*Defendants-Appellees*,

JOHN DOES 1–25, JANE DOES 1–25,

*Defendants*.

_____

| | |
|---|---|
| APPEARING FOR APPELLANT: | GERARD ANDREW CORSINI, Esq., *pro se*, New York, New York. |
| FOR THE CARY APPELLEES: | Eric M. Arnone, Esq., Galluzzo & Johnson LLP, New York, New York. |
| FOR THE BRODSKY APPELLEES: | Susan Patricia Mahon, Esq., Gartner & Bloom, P.C., New York, New York. |
| APPEARING FOR THE CITY APPELLEES: | BENJAMIN WELKINSON (Deborah A. Brenner, *on the brief*), *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, New York. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Laura Taylor Swain, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court entered on April 3, 2017, is **AFFIRMED**.

Plaintiff Gerard Andrew Corsini, an attorney proceeding *pro se*, appeals from the dismissal of his complaint brought pursuant to 42 U.S.C. §§ 1983 and 1985 and alleging violations of constitutional rights by his neighbors and their employee ("the Cary Defendants"), his landlord and related individuals and entities ("the Brodsky Defendants"), New York City police officers and current and former officials ("the City Defendants"), and current and former members of the New York County District Attorney's Office ("the DA Defendants"), arising from Corsini's attempts to expose his neighbors' purported zoning violations.[1]

We review *de novo* the dismissal of a complaint for failure to state a claim, *see* Fed. R. Civ. P. 12(b)(6), and the entry of judgment on the pleadings, *see* Fed. R. Civ. P. 12(c); *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013). While we generally accept all factual allegations in a complaint as true and draw all reasonable inferences in plaintiff's favor, *see Biro v. Condé Nast*, 807 F.3d 541, 544 (2d Cir. 2015), pleadings that "are no more than conclusions[] are not entitled to the assumption of truth," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a plausible claim for relief, *Ashcroft v. Iqbal*,

---

[1] Corsini also sued the Cary Defendants' lawyer and his law firm, Belkin Burden Wenig & Goldman, LLP, but Corsini does not pursue on appeal the dismissal of his claims against them. Nor does his appellate brief address dismissed claims of First Amendment retaliation and deliberate indifference to medical needs. Accordingly, we treat these claims as abandoned, and we do not address them further. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995); Fed. R. App. P. 28(a).

556 U.S. 662, 678–79 (2009). Moreover, because Corsini is an attorney, his amended complaint is not entitled to the liberal construction normally afforded *pro se* litigants. *See Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010). In applying these principles here, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm largely for reasons stated by the district court.[2]

1.      False Arrest, Malicious Prosecution, and "Siege" Claims

Corsini argues that the district court erred in dismissing his claims for false arrest on April 18, 2012, and July 25, 2012, and his related claims for malicious prosecution. The argument fails on the merits. Like the district court, we conclude that Corsini fails plausibly to allege the lack of probable cause necessary to maintain such claims. *See Jaegly v. Couch*, 439 F.3d 149, 152 (2d Cir. 2006) (holding that probable cause is complete defense to false arrest); *Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003) (same, for malicious prosecution claims). Although Corsini asserts that defendant Morgan was an unreliable complainant as to the events supporting his April 18, 2012 arrest, his conviction of one charge stemming from that incident necessarily establishes probable cause for both that arrest and the ensuing prosecution. *See Cameron v. Fogarty*, 806 F.2d 380, 388–89 (2d Cir. 1986) (holding that conviction establishes probable cause for arrest); *Mitchell v. City of New York*, 841 F.3d 72, 79 (2d Cir. 2016) (holding that favorable termination is required to support malicious prosecution claim). Corsini's July 25, 2012 arrest and prosecution for violating a protective order secured by Morgan were resolved in his favor, but Morgan's eyewitness account that Corsini had violated the protective order provided probable

---

[2] The DA Defendants move to join the arguments raised in the City Defendants' brief. That motion is GRANTED.

4

cause, and Corsini's conclusory challenge to Morgan's credibility does not provide a factual basis for arresting officers to have doubted her veracity. *See Betts v. Shearman*, 751 F.3d 78, 82 (2d Cir. 2014) ("[P]robable cause exists if a law enforcement officer 'received [] information from some person, normally the putative victim or eyewitness, unless the circumstances raise doubt as to the person's veracity.'" (alteration in original) (quoting *Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006))).

Corsini's "siege" claim asserts that, for a three-hour period on July 18, 2012, police officers, acting without a warrant, incessantly knocked on his door and rang his doorbell. Also, Corsini alleges that during this time his landlord placed a key in the keyhole of his door and turned the lock. Neither the police nor the landlord ever entered the premises. The district court ruled that such conduct does not implicate the Fourth Amendment right to be free from unreasonable searches and seizures. We need not decide that question because Corsini identifies no precedent from the Supreme Court or this court that clearly established such a right in these circumstances in 2012. *See Thyroff v. Nationwide Mut. Ins. Co.*, 460 F.3d 400, 405 (2d Cir. 2006) ("[W]e are free to affirm a decision on any grounds supported in the record, even if it is not one on which the trial court relied."). To the contrary, Corsini acknowledges that such a Fourth Amendment claim would be "novel." Appellant's Br. 25, 45. The City Defendants are therefore entitled to qualified immunity on the "siege" claim and, thus, dismissal. *See Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018) (holding that qualified immunity attaches when "official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known" and "existing precedent must have placed the statutory or constitutional question beyond debate" (internal quotation marks omitted)); *White v. Pauly*, 137 S. Ct. 548, 551–52 (2017)

5

(requiring, for clearly established analysis, identification of "a case where an officer acting under similar circumstances . . . was held to have violated the Fourth Amendment"); *Zalaski v. City of Hartford*, 723 F.3d 382, 388–89 (2d Cir. 2013).

In sum, upon *de novo* review, we conclude that Corsini's false arrest, malicious prosecution, and "siege" claims against the City and DA Defendants were properly dismissed for substantially the reasons stated by the district court in its September 23, 2014 and May 27, 2015 opinions.

2.      Claim Preclusion

Corsini argues that claim preclusion does not warrant the dismissal of his conspiracy claims against the Cary Defendants for violations of his First, Fourth, and Fourteenth Amendment rights. The point merits little discussion because even if Corsini is right on that point of law, his conspiracy claims against both the Cary and the Brodsky Defendants fail because he only conclusorily pleaded the existence of a conspiracy. To survive a motion to dismiss a § 1983 conspiracy claim, plaintiff must plausibly allege (1) an agreement between a state actor and a private party (2) to act in concert to inflict unconstitutional injury, and (3) an overt act furthering that goal and causing damages. *See Ciambriello v. Cty. of Nassau*, 292 F.3d 307, 324–25 (2d Cir. 2002). Corsini's "[t]hreadbare recitals" of these elements lack the factual basis necessary to plead a plausible claim for relief, *Ashcroft v. Iqbal*, 556 U.S. at 678, and, thus, the district court correctly dismissed the conspiracy claims, *see Ciambriello v. Cty. of Nassau*, 292 F.3d at 325 ("[C]omplaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed; diffuse and

6

expansive allegations are insufficient, unless amplified by specific instances of misconduct." (internal quotation marks omitted)).

3.    <u>Bias</u>

We review Corsini's challenge to the district court's denial of his recusal motion for abuse of discretion, which is not evident here. *See United States v. Morrison*, 153 F.3d 34, 48 (2d Cir. 1998). A judge should recuse when "a reasonable person, knowing all the facts, would question the judge's impartiality." *United States v. Yousef*, 327 F.3d 56, 169 (2d Cir. 2003) (internal quotation marks omitted); *see* 28 U.S.C. § 455(a). Here, nothing in the record calls into question the district court's impartiality. Corsini's dissatisfaction with the district court's rulings in this case and in his previous federal lawsuit are insufficient to do so. *See Chen v. Chen Qualified Settlement Fund*, 552 F.3d 218, 227 (2d Cir. 2009) (holding that claims of judicial bias generally "must be based on extrajudicial matters, and adverse rulings, without more, will rarely suffice to provide a reasonable basis for questioning a judge's impartiality").

We have considered Corsini's remaining arguments and conclude that they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7